[Civ. No. 2134. Third Appellate District.—May 26, 1920.]

### A. MALOOF, Respondent, v. ONA M. DAVIS et al., Appellants.

[1] BROKERS — PROCURING CAUSE OF SALE — CONSUMMATION THROUGH ANOTHER.—When an agent takes a prospective purchaser upon land which he has been authorized in writing by the owner to offer for sale and to sell, introduces such purchaser to the owner and succeeds in awakening his interest in the property, and the purchaser expresses a tentative or conditional purpose to buy the land, and a short time thereafter he does purchase it, the trial court is justified in concluding that such agent's efforts were the procuring cause of the sale, or at least that the sale "was made by, through, or upon information received through such agent"; notwithstanding the sale is consummated through another agent.

APPEAL from a judgment of the Superior Court of Sonoma County. Emmet Seawell, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. L. Thompson for Appellants.

Kellogg & Kyle for Respondent.

BURNETT, J.—The action was for compensation for securing a purchaser of real estate belonging to defendants. The written contract, executed by the parties, upon which the action was brought, as far as necessary to quote was in the following language: "I hereby authorize A. Maloof, as my agent, for a term of —— days from this date, and hereafter until notified by me in writing that the same is withdrawn (this is not exclusive), to offer for sale and sell for me for the sum of $35,000, my real property [describing it]. And I further agree that if my said agent shall procure a buyer for said property, or if a sale or exchange is made by, *or upon any information received through such agency,* whether such sale or exchange be made before or after the expiration of this agreement, at the above or any other

---

1. When broker is considered as procuring cause of sale, note, 44 L. R. A. 321.

amount named or accepted by me, I will pay to said agents
Five Per Cent of such selling price, as a commission and
compensation for such services.'' The court found that ''the
plaintiff interested one John Greott in the purchase of said
property . . . and, thereafter, the said defendants sold said
ranch property to said John Greott and accepted and re-
ceived from him, in payment thereof, the sum of thirty thou-
sand dollars . . . That the said buyer of property, to wit,
John Greott, was procured by plaintiff, and said sale to said
John Greott was made by and upon information received
by said defendants from plaintiff.'' The foregoing findings
present the only questions that are in controversy between
the parties. In fact, during the progress of the trial the
learned counsel for appellants declared, ''I suppose the only
question in this case is, was Mr. Gray or Mr. Greott the
purchaser,'' and subsequently he said, ''Of course, the real
issue in this case is what was the procuring cause of the
sale; that is the real question in this case.'' The record con-
tains evidence of these facts as substantially stated by re-
spondent: After the execution of this contract, and before
any written notice of its withdrawal, plaintiff took several
persons out to look at the property in an endeavor to interest
them as buyers. Finally he did interest one John Greott,
took him and his wife out to inspect the property in person,
introduced them to the defendants as being possible pur-
chasers and spent with them two or three hours while
they examined and talked with the defendants about the en-
tire property. Greott liked the place and was very much
interested in it, but having already an offer outstanding for
another place said he would make no offer until he heard
from that, when he would talk business, would let them
know and would make them an offer. Within a short time
afterward plaintiff saw Greott twice and each time was ad-
vised that Greott had not yet found out about his offer for
the other place, and was not ready to talk business concern-
ing the purchase of this. While plaintiff was still waiting
for Greott to answer, he evidently learned that he was not
to get the other place, and the transaction occurred by which
the defendants conveyed their property to Greott by deed
dated April 19, 1919, and on the same day taken by Greott
himself to the recorder's office, and there recorded. There-
upon plaintiff sought out Greott and inquired why he had

bought defendants' place from other agents and he replied that it was because he could get it cheaper from Gray, the real estate agent with whom the property had been listed by defendants. Respondent thereupon went to one of the defendants and demanded his commission on account of the sale to his customer and was informed that appellants had obtained a contract from Gray that they should have no commission to pay and if any was paid it was up to Gray. Greott paid the entire purchase price of $30,000, which was accepted by defendants, in the form of three personal checks, one April 12, 1919, for $5,000; two on April 19, 1919, the date of the execution and delivery of the deed, one for $12,640 and one for $12,360.

Of course, we are not concerned with the fact that evidence was introduced on behalf of appellants to the effect that one Gray was the real purchaser of the property and that the deed was taken in the name of Greott to secure him for the purchase price, which he advanced. It is sufficient for us to say that the court's conclusion to the contrary finds in the record sufficient legal support. Moreover, according to the testimony of Mr. Gray, he and Mr. Greott were partners in the transaction; in other words, the purchase was made by and for the benefit equally of both of them. Upon this theory the participation of Greott in the purchase is sufficient, in a legal sense, to satisfy the requirement that the purchaser must be one secured by the agent.

The question whether the efforts of the agent were the procuring cause of the sale must be resolved in favor of the finding of the court, since such is a rational inference from the showing made. [1] When an agent takes a prospective purchaser upon the land, introduces him to the owner, and succeeds in awakening his interest in the property, and the purchaser expresses a tentative or conditional purpose to buy the land, and a short time thereafter he does purchase it, no surprise should be occasioned if a court concludes that the agent's efforts were the procuring cause of the sale, or at least that the sale "was made *by, through, or upon information received through such agent.*"

Appellants have treated us to an interesting and instructive discussion of the principles governing brokers' commissions, but they are familiar to the profession and have been often considered by this and other appellate courts of the

state, and we deem further consideration of them unnecessary.

The question here is one of evidence, and, since there is no legal objection to the validity of the contract made by the parties and we are satisfied that there is support for the conclusion of the trial judge that plaintiff fully executed the terms and conditions of said contract entitling him to the compensation therein provided, we need to go no further.

The judgment is affirmed.

Nicol, P. J., *pro tem.*, and Hart, J., concurred.